PRAMETTE JUVENILLE FURNITURE COMPANY *v.* UNITED STATES
(No. 4604) [1]

United States Court of Customs and Patent Appeals, January 5, 1949

*Jordan & Klingaman* (*J. L. Klingaman* of counsel) for appellant.

*David N. Edelstein,* Assistant Attorney General (*Joseph F. Donohue* and *Alfred A. Taylor, Jr.,* special attorneys, of counsel), for the United States.

[Oral argument December 8, 1948, by Mr. Klingaman and Mr. Donohue]

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, Second Division, pursuant to its decision, C. D. 1109, sustaining the action of the Collector of Customs at the port of New York who classified an importation of children's strollers or gocarts as dutiable at 45 per centum ad valorem as articles of metal, not specially provided for, under paragraph 397 of the Tariff Act of 1930, and over-

---

[1] C. A. D. 898.

ruling the protest of appellant claiming that the merchandise was dutiable at 40 per centum ad valorem as household utensils under paragraph 339 of said Tariff Act of 1930.

The pertinent provisions of the Tariff Act of 1930 read as follows:

PAR. 339. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for: * * *; composed of iron or steel and enameled or glazed with vitreous glasses, 5 cents per pound and 30 per centum ad valorem; composed wholly or in chief value of aluminum, 8½ cents per pound and 40 per centum ad valorem; composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for, 40 per centum ad valorem; * * *

PAR. 397. Articles or wares not specially provided for, * * *; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

No witnesses were called to testify. The case was submitted on an oral stipulation agreed upon by counsel, as follows:

That the merchandise consists of children's strollers or go-carts; that the two illustrations herewith offered in evidence as Illustrative Exhibits 1 and 2 are correct representations thereof; that the articles are in chief value of base metal all other than aluminum; that they are not plated with platinum, gold or silver, nor enameled or glazed with vitreous glasses; that the printed facts appearing on said illustrations are true and correct, and that the articles in question are designed for and used principally by mothers and other members of the family for the transportation of children too young to walk for any appreciable distance or time, and are chiefly so used on streets and beaches.

Illustrative Exhibits 1 and 2, above referred to, were received in evidence as Illustrative Exhibits A and B respectively. Illustrative Exhibit A is captioned:

IMPORTED ALL-METAL STROLLER

The "Pramette" No. 700

Beneath a pictorial representation of the stroller is the following description:

All steel chassis
Steel disc wheels—Chrome caps—Rubber tires
Back Recliner and Foot Adjustment
Collapsible
Lined and Padded Leatherette Seat and Back
Safety Strap
Foot Brake
Available Grey, Blue or Maroon
Packed One in a Carton—Shipping Weight 25 lbs.
Completely Assembled—Merely Put on Wheels.

Illustrative Exhibit B is similar to Illustrative Exhibit A with the exception that the stroller is referred to merely as "The 'Pramette' " and has additional descriptive matter, as follows:

Reversible Chrome—Plated Pusher
Leatherette Hood—Chrome Elbows,

and the shipping weight is shown as 30 lbs.

Appellant contends that the strollers or gocarts here involved are "household utensils," and in support of this contention cities the cases of *Frank P. Dow Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 282, T. D. 46816; *I. W. Rice & Co.* v. *United States*, 24 C. C. P. A. (Customs) 114, T. D. 48415; and *F. W. Woolworth Co.* v. *United States*, 26 C. C. P. A. (Customs) 221, C. A. D. 20. An examination of these cases shows that each is in harmony with the finding and judgment of the lower court in the instant case.

In *Dow* v. *United States*, *supra*, electric vacuum cleaners and electric floor polishers were assessed as household utensils. In that case it was held that the merchandise involved was chiefly used in the household, and that appellant had failed to overcome the presumption of correctness of the collector's classification, because it had failed to establish that the chief use of the electric floor polishers was not in households.

In *Rice* v. *United States*, *supra*, atomizers, which were conceded to be utensils, were held to be dutiable as household utensils. In that case the court stated:

We deem it unnecessary to review in detail the decisions construing paragraph 339 of the Tariff Act of 1922, the predecessor of paragraph 339, *supra*. It is sufficient to say that in those cases it was held that articles "designed and chiefly used for utilitarian purposes [in the household]—utensils—are within the provisions for * * * household * * * utensils," and that all such articles chiefly used in the household, unless more specifically provided for elsewhere, were dutiable under that paragraph.

In *Woolworth* v. *United States*, *supra*, it was held that small silver-finished metal animal figures to which short mechanical pencils were attached by a chain were dutiable as household utensils. In that case this court held that the merchandise there involved was chiefly used in the household and was intended to hold pencils for home use.

In each of the above mentioned cases this court held that to be a household utensil the article must be a utensil and be chiefly used in the household.

The stipulation in this case clearly states that the strollers or gocarts "are designed for and used principally * * * for the transportation of children * * * and are *chiefly so used on streets and beaches*." [Italics ours.]

The words "household utensils" as used in paragraph 339, *supra*, have been consistently construed by this court to refer to articles which serve a utilitarian purpose and are chiefly used in the household for the care and maintenance of the home for the convenience and comfort of its members.

The imported strollers or gocarts here involved do not meet the test for household utensils as defined in the *Dow, Rice,* and *Woolworth* cases, *supra.* They are not household utensils within the meaning of paragraph 339 of the Tariff Act of 1930, and were properly assessed under paragraph 397 of said Tariff Act of 1930.

We have carefully considered the record in this case and are in accord with the conclusion reached by the trial court.

The judgment of the trial court is *affirmed.*